UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael THOMAS, Defendant–Appellant.

No. 03–51386.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 23, 2004.

Diane D. Kirstein, Joseph H. Gay, Jr., Assistant U.S. Attorney, San Antonio, TX, for Plaintiff–Appellee.

Lucien B. Campbell, Federal Public Defender, Judy Fulmer Madewell, San Antonio, TX, for Defendant–Appellant.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

**508**

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Michael Thomas appeals his guilty plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). For the first time on appeal, Thomas contends that 18 U.S.C. § 922(g)(1) unconstitutionally extends federal control to firearm possession that does not substantially affect interstate commerce. He relies primarily on the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Thomas acknowledges that this court has considered and rejected his argument in *United States v. De Leon*, 170 F.3d 494, 498–99 (5th Cir. 1999), and *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir.1996), but he is raising this argument to preserve it for Supreme Court review.

In *Rawls*, this court held that the reasons the Supreme Court gave in *Lopez* for holding 18 U.S.C. § 922(q) unconstitutional do not apply to 18 U.S.C. § 922(g). *Rawls*, 85 F.3d at 242. More recently, this court has emphasized that the constitutionality of 18 U.S.C. § 922(g) is not open to question. *United States v. Daugherty*, 264 F.3d 513, 517 (5th Cir.2001). Because Thomas' argument is foreclosed by this court's precedent, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.